# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2020 MAY 13  PM 1: 08

DEPUTY CLERK _____

BRECKNEY SHONDELL NIXON EL
_____
Plaintiff

**4-20CV-471-A**
_____
Civil Action No.

v.

GENERAL MOTORS COMPANY
GENERAL MOTORS LLC (GM) collectively
_____
Defendant

## COMPLAINT

See attached

\* Attach additional pages as needed.

| | |
|---|---|
| Date | 05-12-2020 |
| Signature | Breckney S Nixon El, pro se |
| Print Name | Breckney S Nixon EL |
| Address | 5206 Livermore DR. |
| City, State, Zip | Arlington, TX, 76017 |
| Telephone | 817 225-8847 |

*FW0345 04 00*
*to 400.00 pd*

**BRECKNEY S NIXON EL,** *Plaintiff in Pro Se*

5206 Livermore Drive,
Arlington, TX 76017

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BRECKNEY S NIXON EL, | ) CASE NO:  **4-20CV-471-A** |
| | ) |
| *Plaintiff* | ) |
| | ) VERIFIED COMPLAINT |
| *vs.* | ) |
| | ) |
| GENERAL MOTORS COMPANY, | ) |
| | ) |
| GENERAL MOTORS LLC (GM) | ) **JURY TRIAL DEMANDED** |
| collectively. | |
| *Defendant* | |

**COMES NOW,** the Plaintiff BRECKNEY S NIXON EL

### Jurisdiction and parties

1.      This action is an action for national origin, religous discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.; Civil Rights Act of 1866, Act of April. 9, 1866, ch 31 14 Stat. 27 and race discrimination due to Moorish descent, Islamic religion and retaliation in violation of 42 USC §1981, arising out of Plantiff's employment relationship with Defendant.

1

2.    Plaintiff Breckney S Nixon El (hereafter "Plaintiff," Breckney S Nixon El is now and at all times relevant to this action a natural person with a nationality. Plaintiff resides within the County of Tarrant in Arlington Texas.

3.    Defendant "General Motors LLC, (GM) a Michigan Corporation" General Motors, LLC is a limited liability corporation formed under the laws of the State of Michigan. It has a principal place of business Known as General Motors Arlington Assembly Plant located at 2525 E Abram Arlington, TX 76010

4.    The Court has subject matter jurisdiction pursuant to 28 USC 1331 (federal question) and 28 USC 1343 (civil rights). All conditions precedent to the bringing of this action has been performed. The violations which gives rise to this action occurred in Arlington in the state of Texas, and Plaintiff resides in Arlington in the state of Texas.

## *BACKGROUND FACTS*

5.    Plaintiff Breckney S Nixon El states Accordingly the discovery of the violations stated herein occurred between the periods of March 2017 and August 2017 and are within the statute of limitations as defined in the Title VII of the Civil Rights act of 1964, 42 USC 2000-e et seq. And Civil Rights Act of 1866 April. 9 1866 ch 31, 14 Stat. 27.

6.    The amount of the controversy exceeds $75,000 exclusive of interest and cost.

7.    Plaintiff timely files the above claims within ninety (90) days of receipt of his EEOC issued Notice of Right to Sue Letter, which was mailed to him February 13, 2020 with EEOC charge numbers #450-2017-03946, #846-2017-19495

8. This court has subject matter jurisdiction pursuant to 28USC 1331 (federal question) and 28 USC 1343 (civil rights).

9. Plaintiff Breckney S Nixon El became employed by General Motors Company in 2004 as a temp to hire with rate progression at GM Doraville GA location until its closure in September 2008, In which Plaintiff became employed again working at the Arlington Texas Assembly plant location in early 2010 as same temp status and became a full time employee of the company in 2012 to the present time equal to a full 15 year dedication of service to GM.

10. Breckney S Nixon El is in a protected class of persons known as Moors his nationality is Moor Americas Aborignal Native Californian National Domiciled in Texas and is of Moorish Aborignal Descent. His Religious Affiliation is that of a Moslem of the Islamic Faith  and is at all times to be considered a Moor with a Mohammedan Islamic background.

11. Throughout his employment and ongoing, Breckney served in the capacity as a General Assembly worker located in the Plants Trim Department.

12. At all times, Breckney S Nixon El has performed his job duties in a manner that were satisfactory or better. Upon asserting his rights to practice his religious beliefs he became the subject of discriminatory practices including but not limited to write ups and suspensions and being forced to work on his religious observance day.

13. Breckney S Nixon El was given a review of his work with satisfactory marks made by his superiors.

14. Several times Breckney S Nixon El was placed under new management, and reported to several different superiors. The management was

consistently changed and sometimes was subjected to working under temporary Managers who did not work long enough to establish any working relationship with the plaintiff.

15.   Plaintiff initially filed a complaint with EEOC in 2017 in March. At this time he requested a mediation via the EEOC however, General Motors failed to comply with the EEOC's mediation protocol. EEOC then began its investigation into the matter more thoroughly and found cause for a right to sue. During this time the plaintiff was kicked out of the General Motors Plant and placed on probation status for 18 months as a retaliation for filing an EEOC claim. EEOC later found that the plaintiff was a victim of retaliation and religous discrimination, giving rise to a right to sue letter from the EEOC.

16.   Breckney S Nixon El is a Moor with Mohammedan Islamic polity. His religious beliefs were not given any merit in comparison to other groups of individuals who specifically requested time off in observation of their religious beliefs for such events as the Sabbath of the Jewish Faith and other individuals who requested religious observance but not limited to any one faith. When Breckney S Nixon El asked for specific days off in regards to the observation of religion, he was told that his religion was not a familiar one and management could not accommodate him at the time and Labor Relations would need more information so Plaintiff got his Union Rep Anthony Marciano involved to seek relief.

17.   Shortly thereafter, and continuing until the current day, Breckney S Nixon El has been subjected to regular and frequent unwarranted criticism and hostility and has been foregoing the necessary observation of his religious holy day under duress and the threat that he could lose his employment due to speaking up or pressing the issue. While other individuals have been allowed to take religious

holy days off in observance of their faith, the Plaintiff has had to suffer demeaning and servile treatment; and further discriminiation and harassment including disparate treatment with respect to working and being assigned unrealistic work goals.

18.    Other Claimants working at the General Motors Plant have filed suit in the same manner and the adjudication of protecting their right to religious freedom enshrined in the Texas Constitution of 1876, the Civil Rights Act of 1866 and Title VI of the Civil Rights Act of 1992.

19.    Plaintiff Breckney S Nixon El was marginalized and among other things was not given the same treatment as his counterparts. He was excluded from being able to practice and observe his religious beliefs and was instead told to go worship in the company chapel by Tammi DeWildt Labor Relations Manager as an accommodation to his request only after he was punished and subject to harassment for filing an EEOC complaint. In a faith such as Breckney's, a chapel has no religious standing or bearing upon that which is in accordance with his religious doctrine as a Mohammedan of the Islamic Faith and his nationality as Moor Americas Aborignal Native Californian national.

20.    The first time Breckney asked for religious observation was March 6th 2017. The proper paperwork "Religious Accommodation Application form was turned in on March 6th 2017. Immediately after that the plaintiff was given two Fridays off. Immediately following the time off, the plaintiff became aware that the Labor Relations Department manager Tammi DeWildt was requesting an interview for the purposes of why a religious accommodation was needed going forward. The meeting was deemed as an "interview".

21.    During the "interview" he was asked why he wanted to take Fridays off

now as to why he had not taken them before. Labor Relations manager Tammi DeWildt inquired into his nationality, his religion and his prayer schedule. He was told by Tammi that many people take their religion seriously, and that she was a Catholic. She further stated that because her faith did not allow for a religious observance day that it did not exempt the Plaintiff Breckney from working like everyone else because she stated even she has to work. She also questioned his nationality on the grounds that because she has never heard of it that it did not give his argument of taking a day off for religious observation any merit.

22. On or around March 27th- 28th, 2017 the Labor Relations Department Manager Tammi gave notice that the plaintiff's request for religious accommodation was denied without reasonable justification. The reasoning for denial used by General Motors was for "de- minimis, hardship and costing the General Motors Plant time and Money. Using the term to describe the plaintiffs nationality and religious beliefs as de-minimis is not only repugnant but says that his requests for accommodation were trivial, without merit and considered to be trifling matters.

23. Breckeny was told that if he wanted to take off for Religious purposes that he could use both his sick leave and paid time off but would not be accommodated with a day off for religious observation. When asked how long before he could apply again for a religious accommodation he was told he would have to wait a year to reapply. General Motors does not have a specified time frame in which an individual can ask for religious accommodation. The same day the denial was received Breckney filed a discrimination Intake Complaint via the telephone with the EEOC inside the plant under the guide of Plantiffs UAW Civil Rights Rep.

24. Breckney proceeded to use his VR and vaction days after the EEOC

filing in order to honor his religious principles on Friday's. He was then given a write up on July 10, 2017 for supposedly using all of his paid time off to observe a Friday off for Religious observation. There was a week given off of work with no pay. He then took another Friday off on August 11, 2017 for observance of his religion. Due to him calling in for observation of his religion he was then retaliated against and given two weeks off of work with no pay and written up.

25.   On September 3, 2017 Breckney was again to be written up for taking a Friday off for religious observation. This writeup was halted by Adam M the person who took over Tammi DeWildt previous position. He stated that his boss Nikki Wilson and GM Legal was aware of the situation and due to the EEOC filing for discrimination that Breckney had filed back in March 2017 and a second charge with the EEOC in August of 2017 they would not persue any disiplinary actions against Breckney and allowed the Plantiff to continue to take his Sabbath off without any interuptions until further notice.

26.   Defendant was forced to take off from work and use his sick leave to observe his religious holy day on Friday's. Causing unnecessary workplace stress and anxiety.

27.   The discrimination and retaliation against Plantiff ressumed a few weeks later by Labor Relations stating that GM Legal gave them permission to proceed with disipline moving forward and if the Plantiff continued to move forward with his Religious Observance then he would be kicked out for 30 calendar days with out pay and the next incident would result in his job being terminated indefinetly. This discrimination and Retaliation is of a continuing nature causing the Plantiff to work under Duress.

## COUNT I

## *National Origin Discrimination in Violation of Title VII*

## <u>*as against Defendant General Motors*</u>

28.   Plaintiff incorporates by reference paragraphs 1 through 27 above as though set forth in full again.

29.   At all material times, Plaintiff Breckney was an employee and Defendant General Motors was his employer covered by and within the meaning of Title VII of the Civil Rights act of 1964, 42 USC 2000-e et seq. And Civil Rights Act of 1866 April. 9 1866 ch 31, 14 Stat. 27.

30.   Defendant General Motors, by its agents, treated Plaintiff differently, harassed him, and subjected him to a hostile work environment to this day due to Plaintiff's national origin Protected class of being a Moor Americas Aboriginal Native Californian National & his Religious orientation as a Mahommedan Moslem with Islamic beliefs.

31.   Defendant, by its agents, was predisposed to discriminate actions against the Plaintiff on the basis of his national origin, religion and ethnicity, and acted in accordance with the predisposition.

32.   The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of the plaintiff.

33.   As a direct and proximate result of those actions, the terms, conditions and privileges of plaintiff's employment were adversely affected and he was forced off on both personal VR and vacation days, when in fact he should have been given a day for religious observation.

8

34.   As a direct and proximate result of the Defendant's wrongful and discriminatory treatment of Plaintiff, Plaintiff has suffered injuries and damages including, but not limited to, loss of past, present and future earnings and earning capacity; mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue the lawful worship of his religious principles of choice.

## COUNT II

## Retaliation in Violation of Title VII

## <u>as against Defendant General Motors</u>

35.   Plaintiff Incorporates by reference paragraphs 1 through 34 above as though set forth in full again.

36.   Title VII prohibits retaliation against persons who complain about national origin discrimination in addition to all aspects of religous observance and practice as defined under 42 U.S.C. § 2000e-(j).

37.   Plaintiff engaged in activity protected by Title VII when he complained of and opposed unlawful national origin discrimination and harassment  and unlawful discrimination against religous worship.

38.   Defendant's retaliatory treatment and harassment of Plaintiff as set forth above, including placing him on write up status and suspending him from working. This activity escalated their discriminatory treatment against him, and was in violation of the anti retaliation provisions of Title VII.

39.   The actions of Defendant by its agents were intentional, in deliberate

disregard for the rights and sensibilities of the Plaintiff.

40.    As a direct and proximate result of the Defendant's wrongful and discriminatory treatment of Plaintiff, Plaintiff has suffered injuries and damages including, but not limited to, loss of past, present and future earnings capacity; paid vacation and sick leave, mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue the full freedoms that accompany his religion and national origin.

## COUNT III

## Race/ Ethnicity Discrimination in Violation of Civil Rights Act of 1866 42 USC §1981

### as against Defendants

41.    Plaintiff incorporates by reference paragraphs 1 through 40 above as though set forth in full again.

42.    At all material times, Plaintiff Breckney was an employee and Defendants General Motors, was his employer, covered by and within the meaning of 42 USC §1981.

43.    Defendants treated Plaintiff differently, harassed him, and subjected him to a hostile work environment on the basis of his Nationality of being a Moor Americas Aboriginal Native Californian National which is a protected class of persons under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and his Religion of a Mohammedan Islamic Moslem.

44.    Defendants were predisposed to discriminate actions against the

Plaintiff on the basis of his race/nationality of Moor Americas Aboriginal Native Californian national in addition to his religion of a Mohammedan Islamic Moslem and acted in accordance with that predisposition.

45.   The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of the Plaintiff.

46.   As a direct and proximate result of those actions, the terms, conditions and privileges of Plaintiff's employment were adversely affected and he was forced to use both his vacation and personal VR to accommodate the observance of his religious holy days. Once the sick days and vacation days were gone Plaintiff was forced to take off from work and then later sent home for suspension and was told the next course of action would result in 30 days off without pay followed by job termination. Following these events until the present time the Plaintiff has been forced to work on Friday's which is a Holy day of religious observance.

47.   As a direct and proximate result of the Defendant's wrongful and discriminatory treatment of the Plaintiff, Plaintiff has suffered injuries and damages, including but not limited to, loss of past, present and future earning and earning capacity; mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasure of everyday life, including the right to practice his religious and national freedoms as protected under the law.

## COUNT IV

## Retaliation in Violation of Civil Rights Act of 1866 42

# USC §1981

## *as against all Defendant*

48.   Plaintiff incorporates by reference paragraphs 1 through 47 above as though set forth in full again.

49.   The civil Rights Act of 1866, 42 U.S.C. § 1981 Prohibits retaliation against persons who complain about race discrimination, which includes ethnic and ancestry discrimination.

50.   Plaintiff engaged in activity protected by the Civil Rights Act of 1866 42 USC 1981 when he complained of and opposed unlawful discrimination and harassment and attempted to honor his ancesteral heritage and his religious principles under a protected class.

51.   Defendants' retaliatory treatment and harassment of Plaintiff as set forth above, including forcing him to work on his religious holy day and placing him on write up status in addition to suspending him from work. Further escalating their discriminatory treatment against him, was in violation of the anti-retaliation provisions of 42 UC 1981.

52.   The actions of the Defendants were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

53.   As a direct and proximate result of the Defendants wrongful and discriminatory treatment of Plaintiff, Plaintiff has suffered injuries and damages including, but not limited to, loss of past, present and future earnings and earning capacity; loss of the ability to honor his religious principles on Fridays, mental and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; including the right to practice his religious and national freedoms

as protected under the law.

## **RELIEF REQUESTED**

For all the foregoing reasons, Plaintiff Breckney S Nixon EL demands judgment against the Defendants as follows:

A. Legal Relief:

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary damages in whatever amount he is found to be entitled;

3. Punitive damages in whatever amount he is found to be entitled;

4. A judgement for lost wages and benefits in whatever amount his is found to be entitled;

5. An award of interest, cost and reasonable attorney fees; and,

6. Whatever other legal relief appears appropriate at the time of final judgment.

7. A judgement granting religious accommodation.

B. Equitable Relief:

1. An injunction  out of this Court prohibiting any further acts of wrongdoing;

2. An award of interest, cost and reasonable attorney fees; and,

3. Whatever other equitable relief appears appropriate at the time of final Judgement

4. A judgement granting religious accommodation.

Dated: April 30th 2020        BRECKNEY S NIXON EL,*Plaintiff in Pro Se*

5206 Livermore Drive,

Arlington, TX 76017

817-225-8847

Breckmst@gmail.com

## **Jury Demand**

Plaintiff Breckney S Nixon El in Propria Persona hereby demands a trial by jury of

all issues in this cause.

Dated: April 30th 2020

BRECKNEY NIXON EL,*Plaintiff in Pro Se*

5206 Livermore Drive,

Arlington, TX 76017

817-225-8847

Breckmst@gmail.com

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To:   **Breckney S. Nixon El**
      **5206 Livermore Drive**
      **Arlington, TX 76017**

From:   **Dallas District Office**
        **207 S. Houston St.**
        **3rd Floor**
        **Dallas, TX 75202**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Robert A. Canino,** | |
| **846-2017-19495** | **Regional Attorney** | **(972) 918-3619** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Belinda F. McCallister,**
**District Director**

FEB 1 3 2020

*(Date Mailed)*

cc:   **Roderick Gillum**
      **Attorney**
      **Jackson Lewis PC**
      **2000 Town Center**
      **Suite 1650**
      **Southfield, MI 48075**

EEOC Form 161-A (11/16)                       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Breckney S. Nixon El<br>5206 Livermore Drive<br>Arlington, TX 76017 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Robert A. Canino,** | |
| **450-2017-03946** | **Regional Attorney** | **(972) 918-3619** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FEB 1 3 2020

Enclosures(s)

**Belinda F. McCallister,**
**District Director**

*(Date Mailed)*

cc:    **Roderick Gillum**
**Attorney at Law**
**JACKSON LEWIS P.C.**
**2000 Town Center**
**Suite 1650**
**Southfield, MI 48075**

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NIXON EL, BRECKNEY S

## DEFENDANTS
" GENERAL MOTORS COMPANY
GENERAL MOTORS LLC (GM) collectively

**(b)** County of Residence of First Listed Plaintiff  TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  Pro Se
NIXON EL, BRECKNEY S
5206 Livermore DR
Arlington TX 76017   Phone (817) 225-8847

Attorneys *(If Known)*
" See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☒ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 42 USC 2000 e , 31,14 Stat 27 public Law 1866 Civil Rights Act
Brief description of cause:
Unlawful Employment Practices, Religious Discrimination, Retaliation, Discrimination national

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 300

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:

JUDGE _____

DOCKET NUMBER _____

DATE 05-12-20

SIGNATURE OF ATTORNEY OF RECORD  *Breckney S Nixon El*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**CIVIL COVER SHEEET ATTACHMENT FOR DEFENDANT ATTORNEYS**

PLANTIFF, BRECKNEY S NIXON EL
      vs
DEFENDANT, GENERAL MOTORS (GM)

**4-20CV-471-A**

DEFENDANT ATTORNEY 1

**John B Brown, Esq.**
**Ogletree Deakins**
500 Preston Commons
8117 Preston Rd.
Dallas, TX 75225
**phone (214) 624-1153**

DEFENDANT ATTORNEY 2

**Roderick Gillum, Attorney**
**Jackson Lewis PC**
2000 Town Center, Suite 1650
Southfield, MI 48075
**Phone (248) 936-1937**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| BRECKNEY SHONDELL NIXON EL | ) ) ) ) ) | |
| _Plaintiff(s)_ | ) | Civil Action No. |
| v. | ) ) | |
| GENERAL MOTORS COMPANY | ) | |
| GENERAL MOTORS LLC (GM) collectively | ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

Roderick Gillum, Attorney
Jackson Lewis PC
2000 Town Center suite 1650
Southfield, MI 48075

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____      _____
                                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
| BRECKNEY SHONDELL NIXON EL | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| GENERAL MOTORS COMPANY, | ) | |
| GENERAL MOTORS LLC (GM) Collectively | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   John B. Brown, Esq.
                                        Ogletree Deakins
                                        500 Preston Commons
                                        8117 Preston Rd.
                                        Dallas Tx 75225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                              *Signature of Clerk or Deputy Clerk*