U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 8 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRECKNEY SHONDELL NIXON EL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-471-A |
| | § | |
| GENERAL MOTORS COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, General Motors Company and General Motors LLC, to dismiss. The court, having considered the motion, the response of plaintiff, Breckney Shondell Nixon El, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On May 26, 2017, plaintiff filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division alleging that he had been discriminated against based on his religion, which he described as "Moorish American." Doc.[1] 10, Ex. 1. On August 22, 2017, he filed another charge of discrimination based on religion, asserting that he had been retaliated against for seeking religious accommodation. Id., Ex. 2. By letters

---

[1] The "Doc.___" reference is to the number of the item on the docket in this case.

dated February 13, 2020, plaintiff received notices of his right to sue on each of his charges. Doc. 1, PageID[2] 16-17.

On May 13, 2020, plaintiff filed his complaint. Doc. 1. In it, he says that this is an action for national origin, religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and for race discrimination "due to Moorish descent, Islamic religion and retaliation" in violation of 42 U.S.C. § 1981. Plaintiff alleges:

> [Plaintiff] is in a protected class of persons known as Moors[;] his nationality is Moor Americas Aboriginal Native Californian National Domiciled in Texas and is of Moorish Aborignal [sic] Descent. His Religious Affiliation is that of a Moslem of the Islamic Faith and is at all times to be considered a Moor with a Mohammedan Islamic background.

Id. ¶ 10. Plaintiff is employed as a general assembly worker in the trim department of defendants' Arlington, Texas, assembly plant. Id. ¶¶ 9, 11. When plaintiff asked for certain days off to observe his religion, he was treated differently than others, such as Jews. Id. ¶ 16. He has been subject to regular and frequent unwarranted criticism and hostility based on his religion. Id. ¶ 17.

---

[2] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

II.

Grounds of the Motion

Defendants assert that plaintiff's claim for national origin discrimination asserted in Count I of his complaint must be dismissed because he failed to exhaust his administrative remedies, and further, he has failed to state a recognized national origin. Count II (asserting retaliation) must be dismissed because plaintiff failed to exhaust his administrative remedies. Count III for violation of § 1981 and Count IV for retaliation under § 1981 must be dismissed because § 1981 only covers race discrimination and not national origin or religious discrimination.

III.

Pertinent Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the

3

"showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

4

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Thus, it can take into account a plaintiff's EEOC charge, which is essential to determining whether the plaintiff has exhausted administrative remedies. Carter v. Target Corp., 541 F. App'x 413, 417 (5th Cir. 2013); Prewitt v. Continental Auto., 927 F. Supp. 2d 435, 447-48 (W.D. Tex. 2013).

IV.

Analysis

A condition precedent to bringing a Title VII claim is the filing of a charge of discrimination with the EEOC, or, as in this case, with the Texas Workforce Commission. Fort Bend Cnty. V. Davis, 139 S. Ct. 1843, 1846 (2019). Failure to exhaust administrative remedies may result in the dismissal of plaintiff's claims. Schutt v. Garland Indep. Sch. Dist., No. 3:17-CV-1708-B, 2019 WL 3006768 (N.D. Tex. July 9, 2019); Gates v. City of Dallas, No. 3:96-CV-2198-D, 1997 WL 405144 (N.D. Tex.

5

July 15, 1997). A complaint under Title VII may only encompass the discrimination stated in the charge and is limited in scope to the investigation that could reasonably be expected to grow out of the charge. Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990).

In this case, plaintiff's charge was limited to alleged religious discrimination. Doc. 1, Ex. 1. But, even if it could be argued that investigation of national origin discrimination would reasonably have ensued, plaintiff's self-identification as a "Moor Americas Aboriginal Native Californian National" does not entitle him to protection under Title VII. Bey v. FCA US LLC, No. 19-10521, 2019 WL 5849367, at *3 (E.D. Mich. Oct. 15, 2019); Boyd v. United States, No. 1:16-CV-802, 2016 WL 8291222, at *3-4 (S.D. Ohio Aug. 24, 2016); Bey v. Oakton Cmty. College, No. 14 C 06655, 2015 WL 5732031, at *4 (N.D. Ill. Sept. 30, 2015). Likewise, his claim for national origin retaliation must be dismissed.[3]

In Counts III and IV, plaintiff asserts claims for discrimination and retaliation under 42 U.S.C. § 1981 based on his nationality and religion. Section 1981, however, applies only to racial discrimination. Runyon v. McCrary, 427 U..S. 160,

---

[3] The court notes that the retaliation charge was specifically limited to the alleged religious discrimination, noting that plaintiff did not receive accommodations like Jews and Adventists did. Doc. 1, Ex. 2.

6

167-68 (1976). It may not be used to remedy other types of discrimination, such as national origin discrimination. Chaiffertz v. Robertson Research Holding, Ltd., 798 F.2d 731, 735 (5th Cir. 1986). And, a claim of retaliation under § 1981 may be pursued only for retaliation for engaging in activities protected by § 1981. Foley v. Univ. of Houston, 355 F.3d 333, 339 (5th Cir. 2003); Mills v. City of Port Arthur, No. 1:05-CV-298, 2006 WL 3531460, at *22 (E.D. Tex. Dec. 4, 2006).

Finally, although it is granting the motion to dismiss, the court notes that, liberally construing the complaint, plaintiff has stated claims for discrimination and retaliation under Title VII based on his religion. Accordingly, the case will proceed as to those causes of action.

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiff's claims asserted in Counts I and II based on national origin discrimination and his claims asserted in Counts III and IV be, and are hereby, dismissed.

7

The court further ORDERS that by July 22, 2020, defendants file their answers to plaintiff's complaint.

SIGNED July 8, 2020.

_____
JOHN McBRIDE
United States District Judge