U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 25 2021

CLERK, U.S. DISTRICT COURT

By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRECKNEY SHONDELL NIXON EL,        §
                                   §
            Plaintiff,             §
                                   §
VS.                                §   NO. 4:20-CV-471-A
                                   §
GENERAL MOTORS COMPANY, ET AL.,    §
                                   §
            Defendants.            §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendants, General
Motors Company and General Motors LLC, for summary judgment. The
court, having considered the motion, the response of plaintiff,
Breckney Shondell Nixon El, the reply, the record, and
applicable authorities, finds that the motion should be granted.

I.

<u>Plaintiff's Claims</u>

On May 13, 2020, plaintiff filed his original complaint in
this action, asserting a number of claims. Doc.[1] 1. For the
reasons explained in the court's memorandum opinion and order
signed July 8, 2020, the court dismissed all but plaintiff's
claims for discrimination and retaliation under Title VII of the
Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, based

---

[1]The "Doc. ___" reference is to the number of the item on the docket in
this action.

on his religion, which he describes as "Moorish American." Doc. 14. The claims arise out of plaintiff's request to take every Friday off work.

## II.

### Grounds of the Motion

Defendants maintain that plaintiff cannot establish either of his claims. As for the discrimination claim, defendants say that they offered plaintiff reasonable accommodations, which he declined to accept. Further, plaintiff's requested accommodation would create an undue hardship for defendants. As for the retaliation claim, movants say that plaintiff cannot establish a prima facie case. And, in any event, plaintiff cannot establish pretext. Doc. 31.

## III.

### Undisputed Facts

Defendants' brief in support of their motion for summary judgment contains a lengthy statement of the undisputed material facts supported by record references. Doc. 31 at 2-9. Plaintiff does not dispute any of the facts set forth. Doc. 35. Nor has he submitted any evidence in support of his response.[2] The court

---

[2] Plaintiff makes a conclusory argument that defendants somehow violated Rule 37 of the Federal Rules of Civil Procedure and orders of the court, but he does not provide any support for the argument. Doc. 35 at 1-2. He seems to be under the misimpression that as long as he stated a claim, he is entitled to proceed to trial. His pro se status

2

adopts and incorporates by reference defendants' statement of undisputed material facts.

In brief, the record establishes:

Defendants operate a plant in Arlington, Texas, which employs approximately 3,214 full-time, regular employees in other-than-skilled production work positions. Doc. 32 at 127. Plaintiff is one of those employees. Id. The plant runs in three production shifts, from 6:00 a.m. to 2:30 p.m., from 2:00 p.m. to 10:30 p.m., and from 10:00 p.m. to 6:30 a.m. The plant produces vehicles six days a week, requiring employees to work a mandatory six-day workweek. Id. Employment is governed by labor agreements between defendants and the UAW. Id. at 126-27. Vacation is determined by seniority. Id. at 127. A maximum of 7% of other-than-skilled employees can schedule vacation on a single day. Id. at 128. Single day vacation requests are considered on a first come, first served basis. Employees have the option of using five vacation restricted or "VR" days, which permits them to take vacation for any reason with as little as 30 minutes' notice and without requiring approval. Id. Plaintiff

---

does not relieve him of his obligations to comply with the applicable rules, including Fed. R. Civ. P. 56. E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014); Rolen v. City of Brownfield, 182 F. App'x 362, 365 (5th Cir. 2006).

has five VR days and ten regular vacation days each year. Id. at 53, 58, 128. Plaintiff works the first shift. Id. at 21-22.

When employees are not at work, defendants fill open slots for that shift with absentee replacements. When absences exceed the number of absentee replacements, defendants fill the vacancies with team leaders and then ask other employees to work overtime hours. If there are insufficient volunteers to work overtime, defendants must fill vacancies with employees from other departments. Using replacements for absent workers causes defendants to incur additional labor costs. Id. at 128-29.

Plaintiff is affiliated with the Moorish Science Temple of America. Id. at 35. Friday is his Sabbath, which he celebrates wherever he is. Id. at 38. In March 2017, plaintiff asked to be off work each Friday for religious purposes and to wear a religious headdress called a keffiyeh.[3] Defendants allowed plaintiff to wear a keffiyeh. They denied his request to have every Friday off as it would require them to schedule other employees to work overtime to cover his shift.[4] Defendants suggested that plaintiff could transfer to the third shift so

---

[3] Plaintiff has not made any other request for religious accommodation since 2017. Doc. 32 at 80.
[4] Defendants' policy is to provide religious accommodations that do not create an undue hardship. They have not permitted any employees to take off every Friday as a religious accommodation and there are no production employees who have every Friday off. Id. at 129.

that he would be off from 6:30 a.m. until 10:00 p.m. on Fridays. He would also be permitted to take off on Saturday, which would allow him to have the entirety of Friday off. Alternatively, he could make weekly informal requests to take off a Friday shift when there were enough employees available to cover the shift. Id. at 129-30. He could also use his vacation or VR days. Id. at 84.

Plaintiff was suspended on July 10 and August 17, 2017, for unexcused absences. Id. at 113, 114, 131. The suspensions were governed by the national agreement between defendants and the UAW. Id. at 130-31, Exs. A & B. Plaintiff has not received any type of discipline since August 2017. Id. at 97.

IV.

Applicable Summary Judgment Standards

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence

5

of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could
> not, as a whole, lead a rational trier of fact to find
> for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

law.[5] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984). He cannot defeat a motion for summary judgment by submitting an affidavit or declaration that contradicts, without explanation, his

---

[5]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

earlier sworn deposition. Cleveland v. Policy Mgmt. Sys. Corp.,
526 U.S. 795, 806 (1999); S.W.S. Erectors, Inc. v. Infax, Inc.,
72 F.3d 489, 495 (5th Cir. 1996); Albertson, 749 F.2d at 228.
Nor can he rely on conclusory allegations unsupported by
concrete and particular facts. Duffy v. Leading Edge Prods.,
Inc., 44 F.3d 308, 312 (5th Cir. 1995).

V.

Analysis

To make out a prima facie case of religious discrimination,
plaintiff must establish that (1) he held a bona fide religious
belief, (2) his belief conflicted with a requirement of his
employment, (3) his employer was informed of his belief, and (4)
he suffered an adverse employment action for failing to comply
with the conflicting employment requirement. Davis v. Fort Bend
Cnty., 765 F.3d 480, 485 (5th Cir. 2014). If plaintiff can make
this showing, the burden shifts to the employer to demonstrate
either that it reasonably accommodated the plaintiff or that it
was unable to reasonably accommodate the plaintiff's needs
without undue hardship. Antoine v. First Student, Inc., 713 F.3d
824, 831 (5th Cir. 2013)(citing Ansonia Bd. Of Educ. v.
Philbrook, 479 U.S. 60, 68-69 (1986)). "[A]ny reasonable
accommodation by the employer is sufficient to meet its
accommodation obligation." Ansonia, 479 U.S. at 68. Thus, if any

8

reasonable accommodation was made, the employer does not have to show that the plaintiff's proposed accommodations would cause it undue hardship. Id. at 68-69; Eversley v. MBank Dallas, 843 F.2d 172, 176 (5th Cir. 1988). In any event, "undue hardship" simply means anything more than a de miminis cost to the employer. Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 84 (1977). For example, an employer would incur an undue hardship if accommodating a request would leave it short staffed or would require it to hire additional employees to fill in for the person accommodated. Id. at 84-85. An employer is not required to rearrange its schedule or to force employees to trade shifts to accommodate the religious practices of others. Weber v. Roadway Express, Inc., 199 F.3d 270, 274 (5th Cir. 2000)(noting that even the mere possibility of an adverse impact on co-workers is an undue hardship). And, an employee has a duty to make a good faith attempt to satisfy his needs through the employer's offered accommodation. Bruff v. N. Miss. Health Servs., Inc., 244 F.3d 495, 503 (5th Cir. 2001); Brener v. Diagnostic Ctr. Hosp., 671 F.2d 141, 146 (5th Cir. 1982).

In this case, plaintiff requested all Fridays off. Defendants have shown that they offered plaintiff reasonable accommodations. Specifically, (1) plaintiff could have moved to the third shift (such that he would not have to work after 6:30

9

a.m. on Fridays); (2) plaintiff could have used available vacation or VR time to take off on Fridays; or (3) plaintiff could have made an informal request on a weekly basis to his supervisor to take off if enough employees were available to cover the Friday shift. These are all reasonable accommodations.[6] See, e.g., E.E.O.C. v. Firestone Fibers & Textiles Co., 515 F.3d 307, 316 (4th Cir. 2008)(using paid time off to cover requested days off is a significant accommodation). Plaintiff simply failed to cooperate in implementing any of them.

To establish a prima facie case of retaliation, plaintiff must show that: (1) he engaged in protected activity; (2) he was subjected to an action that a reasonable employee would have found materially adverse; and, (3) a causal connection exists between the protected activity and the alleged retaliation. Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 330 (5th Cir. 2004). If plaintiff succeeds in making out a prima facie case, the burden shifts to the employer to provide a legitimate, non-retaliatory reason for the materially adverse action. Id. Once it does so, plaintiff must show that the employer's reason is a pretext for retaliation. Id.

---

[6] Thus, the court need not consider whether plaintiff's proposed accommodation—that he be given every Friday off—would impose an undue hardship on defendants. Defendants have nevertheless shown that it would.

Here, plaintiff has not come forward with any evidence to establish a prima facie case of retaliation. Even if he had, defendants have shown that plaintiff's suspensions had nothing to do with his religious beliefs, but rather were consistent with and required by the collective bargaining agreement that governs his employment.

VI.

Order

For the reasons discussed herein,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted, that plaintiff take nothing on his claims against defendants, and that such claims be, and are hereby, dismissed with prejudice.

SIGNED February 25, 2021.

JOHN McBRYDE
United States District Judge

11